IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **THE PLUM GROUP, LLC d/b/a PLUM GROUP FOODS,**<br><br>Plaintiff,<br><br>v.<br><br>**DDC ENTERPRISE LIMITED and DDC US INC.,**<br><br>Defendants. | Case No. 3:26-cv-867 |

**COMPLAINT**

Plaintiff The Plum Group, LLC d/b/a Plum Group Foods ("Plum Group"), by its undersigned counsel, submits this Complaint against Defendants DDC Enterprise Limited ("DDC") and DDC US, Inc. ("DDC US" and, collectively with DDC, "Defendants"), and in further support thereof states as follows:

**NATURE OF THE CASE**

1. Plum Group is a family-owned frozen and shelf-stable food ingredient (produce) supplier based in Dallas, Texas.

2. In August of 2023, Colorado-based Yai's Thai, LLC ("Yai's Thai") reached out to Plum Group, requesting to purchase hundreds of thousands of pounds of quick-frozen produce for use in its business. Plum Group and Yai's Thai agreed on terms, then Plum Group began shipping the produce that Yai's Thai ordered.

3. After accepting deliveries and inducing Plum Group to procure and hold substantial inventory, Yai's Thai abruptly stopped ordering the produce it had committed to purchase, leaving

Plum Group with significant unsold inventory, ongoing storage costs, and the burden of locating alternative buyers.

4. On information and belief, in December 2023, one or both of Defendants acquired Yai's Thai and, pursuant to the acquisition, Defendants assumed Yai's Thai's liabilities and obligations.

5. Following their merger, DDC, DDS US, and Yai's Thai abandoned their contractual obligations, ceased communicating with Plum Group, and left Plum Group with significant unsold inventory, ongoing storage costs, and substantial financial losses.

6. Plum Group now brings this action to recover the damages resulting from Defendants' breach of contract.

**PARTIES AND JURISDICTION**

7. Plum Group is a limited liability company organized under the laws of the State of Texas with its principal place of business in Dallas, Texas. All of Plum Group's members are citizens of Texas.

8. Defendant DDC is a corporation organized under the laws of the Cayman Islands with its principal place of business in Charlotte, North Carolina. Accordingly, for purposes of diversity jurisdiction, DDC is a citizen of the Cayman Islands and North Carolina.

9. Defendant DDC US is a corporation organized under the laws of Delaware with its principal place of business in New York, New York. Accordingly, for purposes of diversity jurisdiction, DDC US is a citizen of New York.

10. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C.A. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

11. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*

12. Venue is proper in this Court and this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant DDC resides in this judicial district for purposes of venue, as its principal place of business is located in Charlotte, North Carolina.

## FACTS COMMON TO ALL COUNTS

### The Supply Agreement

13. Plum Group is a family-owned business that acquires perishable produce for resale to industrial food manufacturers and meal-kit purveyors.

14. In or about August 2023, Yai's Thai contacted Plum Group to purchase produce for use in its business operations. The parties thereafter negotiated and agreed upon the material terms of a supply arrangement.

15. After negotiating the material terms of their transaction, Plum Group and Yai's Thai executed a Supply Agreement pursuant to which Yai's Thai agreed to purchase 280,800 pounds of individually quick-frozen ("IQF") red peppers at $1.20 per pound and 150,800 pounds of IQF shallots at $1.45 per pound (collectively, the "Products"). A true and correct copy of the Supply Agreement is attached hereto as Exhibit 1 and incorporated herein by reference.

16. Thereafter, Yai's Thai began purchasing the Products in accordance with its contractual obligations.

17. Pursuant to the Supply Agreement, Plum Group procured the Products Yai's Thai ordered. As part of their agreed course of dealing, Plum Group would take delivery of the ordered Products and store them in a Henderson, Colorado facility until Yai's Thai's designated co-packer,

Motherlode Co-Packing, could take delivery.

**Defendants Acquire Yai's Thai**

18. On or about December 23, 2023, one or both of Defendants acquired Yai's Thai pursuant to the Agreement and Plan of Reorganization (the "Merger Agreement") entered into by Yai's Thai, DDC, DDC US, and other parties. A copy of the Merger Agreement is attached hereto as Exhibit 2.

19. The Merger Agreement identifies DDC US, a wholly-owned subsidiary of DDC, as the purchaser in the transaction. *See* Exhibit 2 at 1.

20. The Merger Agreement further provides that, as a result of the merger transactions, all debts, liabilities, obligations, and duties of Yai's Thai became the obligations of the surviving merger entities. *See* Exhibit 2, Section 2.03(a), (b).

21. DDC expressly and unconditionally guaranteed, as primary obligor and not merely as surety, DDC US's obligations under the Merger Agreement. *See* Exhibit 2, Section 2.19.

**Defendants' Breach Following the Acquisition**

22. After acquiring Yai's Thai and assuming its obligations under the Supply Agreement, Defendants failed to continue purchasing the Products required to be purchased under the Agreement.

23. On or about September 11, 2023, Yai's Thai's co-packer contacted Plum Group to order 7,800 pounds of IQF shallots from the open contract, along with several other items.

24. On or about January 22, 2024, Yai's Thai's co-packer ordered 25,200 pounds of IQF red peppers from the open contract.

25. In reliance on those two orders, Plum Group purchased the requested quantities from Green Garden Produce, a China-based company, and had them delivered to Henderson,

Colorado.

26. Plum Group repeatedly contacted both Yai's Thai and Defendants, seeking clarification and performance under the contract. For example, Plum Group contacted Yai's Thai and Defendants via email on March 4, 2025, as well as on May 20, 2025, with requests to pull the balances left on the contract per the contract terms. Those inquiries went unanswered.

27. In that May 20, 2025, email, Plum Group's owner and Chief Executive Officer, Brooke Herold, notified Defendants that Plum Group continued to hold inventory in its Henderson, Colorado warehouse that had been procured specifically for Yai's Thai under the Supply Agreement. Ms. Herold also provided Defendants with Invoice No. 21442. A true and correct copy of the email and invoice are attached hereto as Exhibits 3 and 4, respectively, which are incorporated herein by reference.

28. As reflected in the Invoice, Yai's Thai, DDC, and DDC US had failed to purchase and take delivery of 60,520 pounds of IQF red peppers and 37,700 pounds of IQF shallots from the quantities it had originally contracted to buy, representing $127,289.00 in perishable Products that Plum Group purchased on behalf of Yai's Thai. *See* Exhibit 4.

29. Additionally, Plum Group had by that point incurred $0.15 per pound in storage costs for those Products, totaling $14,733.00. In total, Yai's Thai and DDC owe $142,022.20 under Invoice 21442. *See id.*

30. Plum Group continues to incur storage fees on the Products. From June 2025 through January 2026, Plum Group paid its vendor Lineage Logistics $13,332.65 to store the IQF red peppers. Between June 2025 and August 2026, Plum Group paid the same vendor $15,248.71 to store the IQF shallots. Plum Group has incurred $28,581.36 in storage fees for both Products and continues to incur storage fees on the IQF shallots as of the filing of this complaint.

31. Neither Defendants nor Yai's Thai responded to Invoice No. 21442 or to Plum Group's repeated demands for performance. Despite repeated opportunities to honor the Supply Agreement, Defendants failed to communicate with Plum Group or perform any of the remaining obligations required under the Agreement.

32. Yai's Thai and Defendants further failed to purchase and take delivery of a substantial portion of the Product quantities Yai's Thai promised to buy from Plum Group.

33. In addition to the Products reflected on Invoice No. 21442, Defendants failed to purchase the remaining quantities of Products required under the Supply Agreement, including an additional 255,800 pounds of IQF red peppers and 149,500 pounds of IQF shallots, representing approximately $523,735.00 in Products. *See* Exhibit 3.

34. The failure of Yai's Thai and Defendants to perform under the Supply Agreement left Plum Group holding substantial quantities of perishable inventory, forced Plum Group to incur significant storage expenses and carrying expenses, and deprived Plum Group of lost profits, including reasonable overhead, that it would have earned from full performance of the Supply Agreement and the benefit of its bargain.

35. This failure of performance also caused irreparable injury to Plum Group's business relationship with its supplier, Green Garden Produce, when Plum Group was forced to cancel the orders that it booked to fulfill its obligations under the Supply Agreement and caused Plum Group to incur additional commercially reasonable expenses in responding to and mitigating the consequences of the breach.

36. Plum Group attempted to mitigate its damages by selling some of the IQF red peppers, though it was forced to do so at a substantial discount due to their approaching expiration. Throughout January of 2026, Plum Group was able to sell 52,720 pounds of the IQF red peppers

to other purchasers, incurring an actual loss of $33,368.71 against the price it paid.

37. Despite its diligent efforts, Plum Group was unable to sell any of the IQF shallots to another purchaser, even at a significant discount.

38. As a result of the foregoing conduct, Plum Group has suffered damages in the amount of at least $600,413.07, exclusive of additional storage and carrying costs that continue to accrue, prejudgment interest, and other damages and expenses recoverable under applicable law. Plum Group's damages include, without limitation, unpaid contract amounts, lost profits, reasonable overhead, storage and carrying costs, losses incurred on mitigation sales, and other commercially reasonable incidental expenses resulting from the breach.

## COUNT I
## Breach of Contract

39. Plum Group repeats and realleges the foregoing paragraphs 1 through 38 as though fully set forth herein.

40. The Supply Agreement is a valid and enforceable contract between Plum Group and Yai's Thai.

41. Plum Group fully performed its obligations under the Supply Agreement.

42. Pursuant to the Merger Agreement, Defendants expressly assumed, and/or expressly and unconditionally guaranteed, as primary obligors and not merely as surety, Yai's Thai's liabilities and obligations.

43. Following the acquisition, Defendants failed and refused to perform its obligations under the Supply Agreement by failing and refusing to purchase, accept delivery of, and pay for the Products required under the Agreement.

44. As a direct and proximate result of Defendants' failure to perform its obligations under the Supply Agreement, Defendants are liable, jointly and severally, to Plum Group for Plum

Group's resulting damages pursuant to Defendants' obligations as to Yai's Thai's liabilities and obligations owed to Plum Group.

45. Plum Group has suffered damages in an amount of at least $600,413.07, plus additional damages in an amount to be determined at trial.

**WHEREFORE**, Plum Group respectfully requests judgment in its favor and against Defendants DDC and DDC US, jointly and severally, for breach of contract and an award of actual, direct, incidental, and consequential damages in an amount to be determined at trial, including lost profits, reasonable overhead, continuing storage and carrying costs, mitigation and resale losses, and other commercially reasonable expenses resulting from the breach; prejudgment and post-judgment interest; attorneys' fees and costs to the extent recoverable by contract or applicable law; and such other relief as the Court deems just and proper.

## COUNT II
## Violation of the Perishable Agricultural Commodities Act, 7 U.S.C.A. § 499b(2)

46. Plum Group repeats and realleges the foregoing paragraphs 1 through 45 as though fully set forth herein.

47. At all relevant times, Plum Group was a licensed dealer under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*

48. At all relevant times, Yai's Thai was a dealer within the meaning of PACA. Upon information and belief, neither Yai's Thai, DDC, nor DDC US was licensed under PACA.

49. Pursuant to the Supply Agreement, Yai's Thai contracted to purchase perishable agricultural commodities from Plum Group.

50. Without reasonable cause, Yai's Thai failed and refused to accept delivery of and pay for the Products it contracted to purchase, in violation of 7 U.S.C. § 499b(2).

51. Pursuant to the Merger Agreement, Defendants assumed Yai's Thai's liabilities and obligations arising under the Supply Agreement and are therefore liable for Yai's Thai's violations of PACA.

52. As a direct and proximate result of Defendants' violations of PACA, Plum Group has suffered damages, including the value of the Products, lost profits, storage and carrying costs, mitigation and resale losses, and other damages and expenses recoverable under PACA and applicable law.

**WHEREFORE**, Plum Group respectfully requests judgment in its favor and against Defendants DDC and DDC US, jointly and severally, for unfair practices in violation of the Perishable Agricultural Commodities Act, for actual damages in an amount to be determined at trial, including lost profits, storage and carrying costs, mitigation and resale losses, and other damages recoverable under PACA and applicable law; prejudgment and post-judgment interest; costs of suit; and such other relief as the Court deems just and proper.

**COUNT III**
**Account Stated**

53. Plum Group repeats and realleges the foregoing paragraphs 1 through 52 as though fully set forth herein.

54. Throughout the course of their dealing, Plum Group regularly sent invoices to Yai's Thai and Defendants for the amounts that they owed under the Supply Agreement.

55. On or about May 20, 2025, Plum Group submitted Invoice No. 21442 to Yai's Thai and Defendants, reflecting the amounts due for Products procured pursuant to the Supply Agreement.

56. Neither Yai's Thai nor Defendants objected to the accuracy of Invoice No. 21442 or disputed the amounts reflected therein within a reasonable time. Instead, both failed to respond

to Plum Group's demands for payment.

57. Invoice 21442 was accurate in all respects, reflecting the quantities of IQF red peppers and IQF shallots that Yai's Thai ordered.

58. Pursuant to the Merger Agreement, Defendants assumed Yai's Thai's liabilities under the Supply Agreement and are liable for the unpaid balance reflected in Invoice No. 21442.

**WHEREFORE**, Plum Group respectfully requests judgment in its favor and against Defendants DDC and DDC US, jointly and severally, for account stated in the amount of $142,022.00, and for actual damages in an amount to be determined at trial, including consequential damages, prejudgment interest, attorney fees and costs of suit, and for such other relief as the Court deems just and reasonable.

## COUNT IV
## Promissory Estoppel
## Pled In the Alternative to Count I

59. Plum Group repeats and realleges the foregoing paragraphs 1 through 58 as though fully set forth herein, except for those paragraphs specifically pleading the existence of a valid and enforceable contract.

60. Yai's Thai made a clear and definite promise to purchase 280,800 pounds of individually quick-frozen ("IQF") red peppers at $1.20 per pound and 150,800 pounds of IQF shallots at $1.45 per pound.

61. Yai's Thai made those promises with the reasonable expectation that Plum Group would rely on them by procuring and storing the products for Yai's Thai.

62. Plum Group reasonably and foreseeably relied on those promises in procuring the Products, arranging for their delivery and storage, incurring storage costs, and foregoing other sales opportunities.

63. Plum Group also incurred storage costs for two additional products that Yai's Thai promised to purchase but did not, in reasonable reliance on Yai's Thai's promises.

64. Plum Group has paid $1,646.59 to store IQF red onions from June 2025 to the present and continues to pay storage costs for that product as of the filing of this complaint. Plum group also paid $578.39 to store IQF green bell peppers from June 2025 through January 2026.

65. Yai's Thai failed to honor its promises, and Plum Group suffered damages of at least $602,638.05 as a result of its reliance.

66. Pursuant to the Merger Agreement, Defendants DDC and DDC US assumed Yai's Thai's liabilities and are therefore liable for the damages arising from Yai's Thai's promises to Plum Group.

**WHEREFORE**, Plum Group respectfully requests judgment in its favor and against Defendants DDC and DDC US, jointly and severally, for promissory estoppel, for actual damages of at least $602,638.05 and in an amount to be fully determined at trial, consequential damages, prejudgment interest, costs of suit, and for such other relief as the Court deems just and reasonable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff The Plum Group LLC respectfully requests that the Court enter judgment in its favor and against Defendants DDC Enterprise Limited and DDC US, Inc., jointly and severally, as to all counts, and award the following relief:

A. Compensatory damages in an amount to be determined at trial, but not less than the amounts due under the parties' agreement;

B. Incidental and consequential damages recoverable under applicable law, including continuing storage and carrying costs, mitigation and resale losses, and other commercially reasonable expenses resulting from Defendant's breach;

C. Prejudgment interest as permitted by law, including interest accruing from the dates the amounts became due;

D. Post-judgment interest pursuant to 28 U.S.C. § 1961;

E. Plaintiff's costs of suit, together with any attorneys' fees recoverable by contract, PACA, or applicable law; and

F. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted this 14th day of October, 2026.

**THE PLUM GROUP, LLC**
**D/B/A PLUM GROUP FOODS**

*/s/ Michael J. Allen*
N.C. State Bar No. 18030
*Craig T. Almond*
N.C. State Bar No. 61718
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth Street
Greensboro, NC 27401
(336) 379-8651
mja@crlaw.com
cta@crlaw.com
*Local Counsel for Plaintiff*

and

Jessica E. Chang (*pro hac vice pending*)
William Norman (*pro hac vice pending*)
**ARONBERG GOLDGEHN DAVIS & GARMISA**
225 West Washington, Suite 2800
Chicago, Illinois 60606
312.828.9600
jchang@agdglaw.com
wnorman@agdglaw.com

*Counsel for Plaintiff*